## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| Christian Piescik, on Behalf of Himself and All Others Similarly Situated, | Case No. |
| Plaintiff, | |
| vs. | **CLASS ACTION COMPLAINT** |
| CVS HEALTH, a Rhode Island corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff, Christian Piescik ("Plaintiff"), by and through his attorneys, brings this action on behalf of himself and all others similarly situated against Defendant CVS Health ("Defendant" or "CVS").  Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

### NATURE OF CASE

1.      This is a consumer Class Action against CVS Health for its false advertising, unfair and deceptive marketing practices, and materially misleading claims employed and disseminated in connection with the sale of its hand sanitizer (the "Product").

2.      On the front of each Product, Defendant represents that the Product would kill virtually all germs. The CVS Original Scent Moisturizing Hand Sanitizer and related CVS brands advertise on their bottles, "Kills 99.99% of Germs." Defendant's germ fighting representation is false, misleading, and reasonably likely to deceive the public.

3.      CVS's marketing strategy has been successful, and the hand sanitizer is a popular product. However, that success is built around messaging that is materially misleading and deceptive to consumers, lacks a factual basis, and recklessly omits material information.

4.      As a result of Defendant's marketing claims and messaging, Plaintiff and other consumers reasonably and justifiably relied upon and attributed credence and value to the asserted benefits of the Product.

5.      These statements, in that they are made with a degree of certainty to the hundredth digit, necessarily imply that a scientific study proves that the Product in fact kills 99.99% of germs. Accordingly, they are each false statements, as no scientific study supports them.

6.       In fact, it is scientifically proven that alcohol-based hand sanitizer does not kill many types of germs. It does not kill many non-enveloped viruses, such as norovirus. "Norovirus is the leading cause of foodborne illness in the United States. It causes 58% of foodborne illnesses acquired in the United States." https://www.cdc.gov/norovirus/trendsoutbreaks/burden-US.html. It is hard to believe that Defendant's hand sanitizer kills 99.99% of all germs, while excluding the family of viruses that causes more than half of all food borne illnesses in the country. It also does not kill bacterial spores, protozoan cysts, some parasites like Giardia, and the diarrhea-causing bacterium Clostridium difficile. Moreover, studies have shown that some bacteria are becoming alcohol resistant. For these reasons, no scientific study proves with any degree of certainty the overall percentage of germs which alcohol-based hand sanitizer kills.

7.       CVS knew or should have known its claims were not backed by scientific studies to validate its 99.99% claims.  However, CVS continues to make those false statements on the Product labels. The Product labels are therefore materially misleading, in that they plainly state, in a manner giving the impression that it has been scientifically proven, that the Product kills 99.99% of germs, when studies show that it does not kill many types of germs. Thousands of consumers have purchased these Products, particularly during the ongoing COVID-19 pandemic, in the false belief that they have been proven to kill 99.99% of germs. The claims are false and consumers have been deceived.

8.       As a result of Defendants' deceptive and misleading practices, Plaintiff and the Class Members were induced to purchase hand sanitizer which does not perform as advertised. Defendant has made millions of dollars in fraudulent sales to individuals who Defendant told were receiving a Product which had been proven, with a high degree of certitude, to kill almost every

germ. Defendant's customers did not receive the benefit of their bargain. The Products do not kill many types of germs.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as the amount in controversy exceeds $5 million, exclusive of interests and costs; it is a class action of over 100 members; and the Plaintiff is a citizen of a state different from at least one Defendant.

10.     This Court has personal jurisdiction over Defendant. Defendant has sufficient minimum contacts with the state of Florida and purposefully availed itself, and continues to avail itself, of the jurisdiction of Florida through the privilege of conducting its business ventures in the state of Florida, thus rendering the exercise of jurisdiction by the Court permissible under traditional notions of fair play and substantial justice.

11.     Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, as Defendant does business throughout this district, and Plaintiff made his purchase of the CVS hand sanitizer in this district and his purchased Product was delivered to, and used, in this district.

## PARTIES

12.     Plaintiff Christian Piescik ("Plaintiff") is a natural person and a citizen of Palm Beach County, Florida, residing in West Palm Beach. Plaintiff purchased the hand sanitizer Product from a local West Palm Beach CVS store in March of 2020. Prior to his purchase, Plaintiff saw and reviewed Defendant's advertising claims on the packaging and labeling itself, and he made his purchase of the hand sanitizer in reliance thereon. Plaintiff specifically relied upon representations made by Defendant that the hand sanitizer would kill germs as advertised. Plaintiff did not receive the promised benefits or receive the full value of his purchase.

13.     Defendant CVS Health is a Rhode Island corporation with its principal business offices located at 1 CVS Drive, Woonsocket, Rhode Island. CVS is licensed to conduct business in Florida. Defendant is an American multinational consumer goods corporation. The company reported annual revenue of more than $268 billion in 2020.

14.     Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of

Defendant who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## FACTUAL ALLEGATIONS

15.     Plaintiff is an individual who purchased CVS brand alcohol-based hand sanitizer from one of Defendants' stores. When Plaintiff purchased the hand sanitizer, the label on the bottle of hand sanitizer stated prominently that the Product would "kill 99.99% of germs."

16.     On the Product label, there is an asterisk next to the above statements, which leads to the following statement written in a much smaller font, or a statement similar to the following statement, on the back label: "Effective at eliminating 99.99% of many common harmful germs and bacteria in as little as 15 seconds." Plaintiff did not read this disclaimer.

17.     Further, a reasonable consumer who read this language would not understand it to take back the promise on the front of the bottle, to kill 99.99% of all germs.

18.     Plaintiff read these statements on the Product labels and relied on them when purchasing the Products. Plaintiff believed that this statement meant that a scientific study proved that the Product would kill 99.99% of all known germs. That is because the statement included an exact figure for the percentage of germs that would be killed—99.99%. The statement did not read, "kills most germs," it read "kills 99.99% of germs," which indicates that some evidence supports the figure 99.99%.

19.     The statement created a false impression. No scientific study indicates that alcohol-based hand sanitizers kill 99.99% of germs. In fact, many scientific studies show that hand sanitizers do not kill many prominent and harmful germs, and that they are less effective than washing one's hands.

20.     Recent studies show that some types of bacteria are becoming alcohol resistant due to the use of hand sanitizers. For instance, the bacterium Enterococcus faecium has been found to have become ten times more alcohol tolerant in the years after 2010 than it was in the years before 2010. https://www.forbes.com/sites/brucelee/2018/08/04/how-thisbacteria-may-ecoming-more-resistant-to-hand sanitizer/#138e8d1722dd.

21.     Further, it is known that alcohol-based hand sanitizers do not kill many nonenveloped viruses, such as norovirus. *See* https://www.medicalnewstoday.com/articles/232708#1. As noted above, norovirus accounts for over half of the food-borne illnesses in the country.

22.     The science now shows that alcohol-based hand sanitizers do not kill bacterial spores, which are a leading cause of illness. (https://www.researchgate.net/publication/43353621_Effectiveness_of_Alcohol-Based_Hand_Rubs_for_Removal_of_Clostridium_difficile_Spores_from_Hands)

23.     These studies further show that alcohol-based hand sanitizers do not kill protozoan cysts, which grow to become invasive parasites, such as Giardia. https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4510183/

24.     The science shows that countless types of germs are not killed by alcohol-based hand sanitizers which makes the math finding these sanitizers kill 99.99% of all germs impossible to reconcile. Certainly, no study shows that the sanitizers kill any given number of germs such that an exact percentage of germs killed could be stated. Yet that is exactly what Defendants have done. Defendants made false statements.

25.     Plaintiff purchased the hand sanitizer in reliance on these representations, believing that it had in fact been scientifically proven that the hand sanitizer killed 99.99% of all germs. Plaintiff received a Product that was not in fact proven to kill 99.99% of germs. Plaintiff did not get the Product that was advertised.

**CLASS ACTION ALLEGATIONS**

26.     Plaintiff brings this action on behalf of himself, and all similarly situated consumers pursuant to Rules 23(a) and 23(b)(2) and (3) of the Federal Rules of Civil Procedure as a member of the Class defined as follows (collectively, the "Class"). The Class of persons whom Plaintiff seeks to represent is defined as:

> All persons in Florida who, from the beginning of the applicable limitations period through the date of trial, purchased one or more of CVS brand hand-sanitizers for personal use and not for resale.

27.     Excluded from the class are the Defendant, any parent, subsidiary or affiliate of the Defendant, any entity in which the Defendant has a controlling interest, and the respective officers, directors, employees, agents, legal representatives, heirs, predecessors, successors, and assigns of such excluded persons or entities.

28.     Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

29.     Plaintiff and the members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impracticable.

30.     There are questions of law and fact common to the Class.

31.     Plaintiff's claims are typical of the claims of the members of the Class.  The named Plaintiff is a member of the Class of consumers described herein.

32.     The named Plaintiff is willing and prepared to serve the Court and the proposed Class in a representative capacity with all the obligations and duties material thereto.  Plaintiff will fairly and adequately protect the interests of the Class and has no interests adverse to or which directly and irrevocably conflicts with the interests of other members of the Class.

33.     The interests of the named Class representative are co-extensive with, and not antagonistic to, those of the absent Class members.  The proposed representative will undertake to represent and protect the interests of the absent Class members.

34.     The named Plaintiff has engaged the services of counsel indicated below.  Counsel is experienced in complex class-action litigation, will adequately prosecute this action, and will assert and protect the rights of, and otherwise will represent the named Class representative and absent Class members.

35.     This action is appropriate as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

36.      This action involves questions of law and fact common to Plaintiff and all members of the Class.  Questions of law and fact common to Plaintiff and the Class include, but are not limited to, the following:

a. whether Defendant owed a duty of care to Plaintiff and the Class;

b. whether Defendant knew or should have known that the hand sanitizer could be ineffective;

c. whether Defendant wrongfully represented and continues to represent that the hand sanitizers are effective;

d. whether Defendant's representations in advertising, warranties, packaging, and/or labeling are false, deceptive, and/or misleading;

e. whether the alleged omissions and misrepresentations are likely to deceive a reasonable consumer;

f. whether Defendant had knowledge that those alleged omissions or misrepresentations were false, deceptive, and misleading;

g. whether Defendant continues to disseminate those alleged omissions and misrepresentations despite knowledge that the representations are false, deceptive, and misleading;

h. whether Defendant's alleged omissions or misrepresentations and descriptions on the labeling of the hand sanitizer Products are likely to mislead, deceive, confuse, or confound consumers acting reasonably;

i. whether Defendant engaged in unfair trade practices;

j. whether Defendant engaged in false advertising;

m. whether Defendant's conduct was negligent per se;

k. whether Plaintiff and the members of the Class are entitled to actual, statutory, and punitive damages; and

l. whether Plaintiff and members of the Class are entitled to declaratory and injunctive relief.

37.     There is no plain, speedy or adequate remedy other than by maintenance of this lawsuit as a class action because individual damages are relatively small, making it economically infeasible for Class members to pursue remedies individually.   The prosecution of separate actions by individual members of the Class, even if theoretically possible, would create a risk of inconsistent or varying adjudications with respect to individual Class members against Defendant and would establish incompatible standards of conduct for Defendant.

38.     Judicial determination of the common legal and factual issues essential to this case would be far more efficient and economical as a class action than in piecemeal individual determinations.

39.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

•        given the complexity of issues involved in this action and the expense of litigating the claims, few, if any, Class members could afford to seek legal redress individually for the wrongs that Defendant committed against them, and absent Class members have no substantial interest in individually controlling the prosecution of individual actions;

•        when Defendant's liability has been adjudicated, claims of all Class members can be determined by the Court;

•       this action will cause an orderly and expeditious administration of the Class claims and foster economies of time, effort and expense, and ensure uniformity of decisions; and

•       without a class action, many Class members would continue to suffer injury, and Defendant's violations of law will continue without redress while Defendant continues to reap and retain the substantial proceeds of their wrongful conduct.

47.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

48.     Defendant has acted on grounds applicable to the Class generally; therefore, Plaintiff seeks equitable and injunctive relief on behalf of the entire Class on grounds generally applicable to the entire Class.

## COUNT I

### For Violations of Florida's Deceptive
### and Unfair Trade Practices Act,
### Fla. Stat. 501.201 et seq.

49.     Plaintiff realleges and incorporates by reference each of the allegations contained in the paragraphs above as if fully set forth herein.

50.     Defendant violated and continues to violate Florida's Deceptive and Unfair Trade Practices Act by engaging in unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices in the conduct of their business.

51.     The material misstatements and omissions alleged herein constitute deceptive and unfair trade practices, in that they were intended to and did deceive Plaintiff and the general public into believing that Defendant's hand sanitizer Products were effective.

52.     Plaintiff and Class members relied upon these advertisements in deciding to purchase the Product.   Plaintiff's reliance was reasonable because of Defendant's reputation as a reliable company.

53.     Had Plaintiff known that the Products were not as advertised, he would not have purchased them.

54.     As a result of Defendant's deceptive and unfair acts, Plaintiff and Class members have been damaged in the amount paid for the hand sanitizer Product.

55.     Defendant's conduct offends established public policy, and is immoral, unethical, oppressive, and unscrupulous to consumers.

56.     Plaintiff and Class members are entitled to damages in an amount to be proven at trial.

57.     Defendant should also be ordered to cease its deceptive advertising and should be made to engage in a corrective advertising campaign to inform consumers that its hand sanitizer Products are not of the quality advertised.

## COUNT II

### For False and Misleading Advertising,

### Fla. Stat. § 817.41

58.     Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-8 and 15-25 of the Complaint as if fully set forth herein.

59.     On their website, in print advertisements, and in other forms of advertisements, Defendant made numerous misrepresentations of material fact that regarding its hand sanitizer Products quality.

60.     Defendant knew that these statements were false.

61.     Defendant intended that consumers rely on its false statements for the purpose of selling its Product.

62.     Plaintiff and Class members did in fact rely upon these statements.  Reliance was reasonable and justified because of Defendant's reputation as a reliable company.

63.     As a result of Defendant's misrepresentations, Plaintiff and Class members suffered damages in the amount paid for Defendant's hand sanitizer Product.

64.     Plaintiff and Class members are entitled to damages and injunctive relief as set forth above.

## COUNT III

### Unjust Enrichment

65.     Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 1-8, 15-25 of the Complaint as if fully set forth herein.

66.     Plaintiff and Class members conferred a benefit on Defendant by purchasing the deceptively advertised hand sanitizer Product at an inflated price.

67.     Defendant received the moneys paid by Plaintiff and Class members and thus knew of the benefit conferred upon them.

68.     Defendant accepted and retained the benefit in the amount of the profits they earned from Defendant's hand sanitizer sales paid by Plaintiff and Class members.

69.     Defendant has profited from their unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiff and Class members, under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit.

118.    Plaintiff does not have an adequate remedy at law against Defendant.

119.    Plaintiff and Class members are entitled to restitution of the amount paid for the Product and disgorgement of the profits Defendant derived from their hand sanitizer sales.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court:

A.      Certify this action as a class action;

B.      Award compensatory, statutory, and punitive damages as to all Counts where such relief is permitted by law;

C.      Enjoin Defendant's conduct and order Defendant to engage in a corrective advertising and labeling/disclosure campaign;

D.      Award equitable monetary relief, including restitution;

E.      Award pre-judgment and post-judgment interest at the legal rate;

F.      Award Plaintiff and Class members the costs of this action, including reasonable attorneys' fees and expenses; and

G.      Award such other and further legal and equitable relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED:  July 27, 2021                          s/William C. Wright

                                               WILLIAM WRIGHT
                                               THE WRIGHT LAW OFFICE, P.A.
                                               FL BAR NO. 138861
                                               515 N. Flagler Drive
                                               Suite P-300
                                               West Palm Beach, FL 33410

Telephone: (561) 514-0904
Facsimile: (561) 514-0905
willwright@wrightlawoffice.com

DANIEL FAHERTY
TELFER, FAHERTY, &
ANDERSON, PL
FL BAR NO. 379697
815 S. Washington Avenue
Suite 201
Titusville, FL 32780
Telephone: (321) 269-6833
Facsimile: (321) 383-9970
CGuntner@ctrfa.com