UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81298-CV-MIDDLEBROOKS

CHRISTIAN PIESCIK, on behalf of
himself and those similarly situated,

      Plaintiff,

v.

CVS PHARMACY, INC.,

      Defendant.
_____/

### ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Plaintiff's Class Action Complaint, filed on September 10, 2021. (DE 30). The Motion is fully briefed. (DE 31; DE 33). For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

Plaintiff initiated this putative class action on July 27, 2021, alleging that the front label on Defendant's alcohol-based hand sanitizer is misleading because it states that the hand sanitizer "kill[s] 99.99% of germs*" but does not actually kill 99.99% of *all* germs, including the bacterium enterococcus faecium, norovirus, bacterial spores, and protozoan cysts. (DE 1). The asterisk on the front label directs the consumer to language on the back label that reads "*Effective at eliminating 99.99% of many common harmful germs and bacteria in as little as 15 seconds." (DE 5 at ¶ 6). On July 28, 2021, Plaintiff filed an Amended Complaint consisting of three counts: violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count I); false and misleading advertising (Count II); and unjust enrichment (Count III). (DE 5). Plaintiff also seeks injunctive relief to enjoin Defendant's allegedly unlawful practices. (*Id.*).

Defendant now moves to dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff lacks Article III standing, fails to state a claim upon which relief can be granted, and that his claims are expressly preempted by the PREP Act and barred by the primary jurisdiction doctrine. (DE 30). At its core, Defendant's argument boils down to its assertion that Plaintiff has not alleged facts that show a deceptive or misleading practice because no reasonable consumer would read the label on Defendant's hand sanitizer and assume that it means the hand sanitizer will kill 99.99% of all germs in existence as opposed to those germs commonly found on the hands. (DE 24 at 1). Plaintiff responds that he reasonably believed he would be protected from 99.99% of all germs and paid a price premium for the hand sanitizer based on this belief, and, accordingly, he has adequately pled a FDUPTA and false advertising claim. (DE 31 at 7). Because I agree with Defendant that Plaintiff has not alleged facts showing that a reasonable consumer would be deceived by its hand sanitizer label, Defendant's Motion to Dismiss is granted.

## II. STANDING

Defendant firsts moves to dismiss Plaintiff's Amended Complaint because Plaintiff lacks standing. Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a court does not have subject matter jurisdiction over a Plaintiff because of a lack of Article III standing. Fed. R. Civ. P. 12(b)(1).

### 1. Standing for Plaintiff's Claim for Damages

With respect to his damages claim, Defendant alleges that Plaintiff has not "pled facts to show any palpable injury or future risk of concrete injury" and that, instead, "the Complaint is entirely predicated on a 'potential' risk of disease." (DE 24 at 5). Plaintiff responds that he is not claiming a health injury; rather, he has alleged that his injury is the difference between the hand sanitizer as advertised (according to Plaintiff, hand sanitizer that kills 99.99% of all germs in

existence) and the value of the hand sanitizer sold (hand sanitizer that only kills 99.99% percent of many common harmful germs and bacteria). (DE 31 at 8).

To establish standing, a plaintiff: "[(1)] must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' [(2)] that is traceable to the challenged action of the defendant and [(3)] likely to be redressed by a favorable judicial decision." *Lexmark Int'l Inc., Static Control Components, Inc.*, 572 U.S. 118, 125 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

Here, the Parties dispute whether Plaintiff suffered an injury in fact. An injury in fact is "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560. "An injury-in-fact must be both (1) particularized ('affect the plaintiff in a personal and individual way') and (2) concrete ('real, and not abstract')." *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016)). An economic injury "is the epitome of 'concrete.'" *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" to establish an injury in fact. *Lujan*, 504 U.S. at 561.

Plaintiff alleges to have suffered an actual monetary injury due to Defendant's allegedly deceptive label because he alleges that he paid a price premium. Payment of an allegedly unauthorized premium constitutes an economic injury. *See Fox v. Ritz-Carlton Hotel Co., LLC*, 977 F.3d 1039, 1043–44, 1047 (11th Cir. 2020) (noting that with respect to a FDUTPA plaintiff who sued the Ritz-Carlton for "charg[ing] him an illegal automatic gratuity" without adequate disclosure, and "charg[ing] sales tax on the automatic gratuity . . . no one disputes that [plaintiff] suffered an individual injury-in-fact fairly traceable to Ritz-Carlton's allegedly deceptive practices," because an economic injury is a concrete injury in fact).

Defendant argues that because Plaintiff received the benefit of the bargain—a bottle of hand sanitizer that sanitized his hands—he did not suffer an economic injury. That argument is misguided. The recovery of damages under FDUPTA depends on whether the consumer paid a premium, which Plaintiff adequately pleads. *See Cariuolo v. Gen. Motors Co.*, 823 F.3d 977, 986 (11th Cir. 2016) ("FDUTPA recovery depends on whether plaintiffs pay a premium . . . ."); *see also Fitzpatrick v. Gen. Mills, Inc.*, 635 F. 3d 1279, 1283 (11th Cir. 2011) ("Thus, . . . each putative class member would only need to show that he or she paid a premium for [the product] to be entitled to damages under the FDUTPA."). Plaintiff argues that he did not in fact receive the benefit of the bargain because the hand sanitizer he purchased would not have killed 99.99% of all germs. (DE 31 at 8); *see Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1088 (11th Cir. 2019) ("Because the plaintiffs were deprived of the entire benefit of their bargain, we conclude they adequately alleged that they experienced economic loss."). In any event, the Eleventh Circuit has cautioned against "conflat[ing] Article III's requirement of injury in fact with a plaintiff's potential cause of action, for the concepts are not coextensive." *Debernardis v. IQ Formulations, LLC.*, 942 F.3d 1076, 1084 (11th Cir. 2019).

For standing purposes, Plaintiff has adequately pled a concrete economic injury in fact. Accordingly, Defendant's Motion is denied to the extent that the requested dismissal of Counts I through III is premised upon lack of standing.

### 2. Standing for Plaintiff's Claim for Injunctive Relief

In addition to damages, Plaintiff also broadly seeks injunctive relief "to [e]njoin Defendant's conduct" and have Defendant "engage in a corrective advertising and labeling/disclosure campaign." (DE 5 at 10). Defendant argues that Plaintiff lacks standing to seek injunctive relief because he does not allege any threat of future harm. (DE 24 at 19–20). Plaintiff

responds that he "seeks to prevent Defendant from continuing to lie to its customers in the future," and that this provides him with standing to seek injunctive relief. (DE 31 at ¶ 57).

A named plaintiff in a putative class action must still meet the Article III standing requirements. *Vega v. T-Mobile USA, Inc.*, 564 F. 3d 1256, 1265 (11th Cir. 2009). An Article III injury in fact "requires an additional showing when injunctive relief is sought," namely, the plaintiff "must show a sufficient likelihood that *he* will be affected by the alleged unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F. 3d 1323 (11th Cir. 2013) (quoting *Wooden v. Bd. Of Regents of Univ. Sys. Of Ga.*, 247 F. 3d 1262, 1284 (11th Cir. 2001)) (emphasis added). The future injury must be "real and immediate—as opposed to merely conjectural or hypothetical." *Id.* (internal citation omitted). A threat of future injury "must be *certainly impending* to constitute an injury in fact." *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 409 (2013) (internal citations omitted) (emphasis in original).

Here, Plaintiff has not alleged any future harm *to himself*. Indeed, it is hard to imagine how Plaintiff could possibly be harmed in the future since he is now acutely aware that Defendant's hand sanitizer kills only 99.99% of many common harmful germs and bacteria found on the hands, not 99.99% of all germs in existence. Allegations of past harm do not suffice to show threat of future harm. *See O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects."); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 104 (1983) ("[P]ast wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy."). As Plaintiff fails to allege any threat of imminent future injury to himself, he lacks standing to pursue injunctive relief. As a result, Defendant's Motion is granted with respect to Plaintiff's requests for injunctive relief.

## III.  FAILURE TO STATE A CLAIM

### A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must . . . contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level." *Id.*

"A court's review on a motion to dismiss is [generally] 'limited to the four corners of the complaint.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citation omitted). However, it may also consider "any documents referred to in the complaint which are central to the claims." *Id.* (citation omitted). "[W]hen exhibits attached to a complaint 'contradict the general and conclusory allegations of the pleading, the exhibits govern.'" *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 514 (11th Cir. 2019) (internal citation omitted).

B. **Discussion**

1. **FDUTPA (Count I)**

FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ." Fla. Stat. § 501.204(1). To state a damages claim under FDUTPA, the plaintiff must allege: "(1) a deceptive act or unfair practice, (2) causation; and (3) actual damages." *Carriuolu v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016). Defendant argues that Plaintiff fails to adequately plead a deceptive act and resulting damages. Because I agree that Plaintiff fails to plead a deceptive act, I need not address the element of damages.

Under FDUTPA, "deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003)) (quotation marks and citation omitted). "This standard requires a showing of 'probable, not possible, deception' that is 'likely to cause injury to a reasonable relying consumer.'" *Id.* (quoting *Millennium Commc'ns & Fulfillment, Inc. v. Office of Atty. Gen., Dep't of Legal Affairs, State of Fla.*, 761 So.2d 1256, 1263 (Fla. 3rd DCA 2000)). Actual reliance is not required. *Carriuolo*, 823 F. 3d at 983. Rather, an

objective test is used to determine whether "the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances." *Id.* at 983–84 (internal citation omitted).

Plaintiff alleges that Defendant's hand sanitizer label is deceptive because a reasonable consumer would read the label and believe that the hand sanitizer would "kill 99.99% of all known germs," despite the asterisk and label on the back of the product stating that it is "[e]ffective at eliminating 99.99% of many common harmful germs and bacteria in as little as 15 seconds." (DE 5 at ¶¶ 15–19). Defendant responds that Plaintiff's belief is objectively unreasonable based on common knowledge about how hand sanitizer works, as well as the disclosure on the label on the back of the hand sanitizer. (DE 24 at 11–14).

"Deceptive advertising claims [under state consumer protection statutes] should take into account all the information available to consumers and the context in which that information is provided and used." *Bell v. Publix Super Markets Inc*, 982 F.3d 468, 477 (7th Cir. 2020);[1] *see also Moore v. Trader Joe's Co.*, 4 F. 4th 874, 882 (9th Cir. 2021)[2] ("[T]he information available to a consumer is not limited to the physical label [or advertising] and may involve contextual inferences regarding the product itself and its packaging.")."And where Plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations or labels or other advertising, dismissal on the pleadings may well be justified." *Bell*, 982 F. 3d at 477.

The Ninth Circuit's ruling in *Moore* is instructive. In *Moore*, the Ninth Circuit found that

---

[1] This action was brought under the consumer protection statutes of ten states, including Florida. *Id.* at 474 n.1. As explained by the Seventh Circuit: "[t]he core prohibitions of these laws are interpreted for the most part interchangeably, and the parties have not identified any differences relevant to these appeals. We concentrate on the general prohibition against advertising that is likely to deceive a substantial number of reasonable consumers." *Id.* at 475.

[2] This case was brought under California's consumer protection laws, which apply the same "reasonable consumer" test for deception as applied in interpreting FDUTPA. *Id.* at 881.

8

Trader Joe's labeling of honey as "100% New Zealand Manuka Honey" and listing "Manuka Honey" as the sole ingredient was not misleading to a reasonable consumer, despite that the honey only consists of 57% to 62% honey derived from a manuka flower nectar. 4 F. 4th at 876–77, 879–80. The Ninth Circuit affirmed the district court's dismissal of the complaint, finding that reasonable consumers of this particular product would know that it is impossible to produce "pure" batches of honey derived only from the Manuka flower and the inexpensive price would further signal to a reasonable consumer of this honey that the jar does not include 100% of honey derived from manuka. *Id.* at 881, 883–84. "Reasonable consumers would necessarily require more information before they could reasonably conclude that Trader Joe's label promised honey that was 100% derived from a single, floral source," and "a plaintiff's unreasonable assumptions about a product's label will not suffice." *Id.* at 882.

Here, several factors lead me to conclude that reasonable consumers would not, upon reading a hand sanitizer label that states the product "kills 99.99% of germs" assume that this means it kills 99.99% of all conceivable disease-causing microorganisms, regardless of whether they are commonly found on the hands. First, hand sanitizer is called *hand* sanitizer for a reason. Consumers purchase hand sanitizer, to, well, sanitize their hands. It defies all logic to assume that a reasonable consumer who purchases hand sanitizer will also expect it to offer protection against illnesses most commonly spread by drinking contaminated water,[3] sexual contact,[4] or by "taking high doses of antibiotics . . . in a healthcare setting."[5] As Defendant points out, this is especially

---

[3] *See Parasites—Giardia*, CDC, https://www.cdc.gov/parasites/giardia/index.html.

[4] *See Intestinal Protozoa*, Tulane University, https://www.tulane.edu/~wiser/protozoology/notes/intes.html.

[5] *See C. diff (Clostridioides difficile)*, CDC, https://www.cdc.gov/cdiff/what-is.html.

true now, where "[h]aving lived through almost two years of a global pandemic, a reasonable consumer would be expected to know what hand sanitizer does and does not do." (DE 24 at 14). Indeed, the pandemic context also casts doubt on Plaintiff's allegation that "[h]ad Plaintiff known that the [p]roducts were not as advertised, he would not have purchased them" in March 2020, when consumers across the county were desperately trying to purchase whatever hand sanitizer and other cleaning products they could find.[6] (DE 5 at ¶ 53).

Moreover, the asterisk on the back of the hand sanitizer clearly discloses to the consumer that it does not kill 99.99% of *all* germs, and a reasonable consumer would not be expected to ignore the asterisk and the information it leads to. The presence of true information or a disclaimer can rebut a claim of deception. *See Freeman v. Time, Inc.*, 68 F. 3d 285 (9th Cir. 1995)[7] (affirming the district court's grant of a motion to dismiss involving a promotional letter purporting to identify the plaintiff as the winner of a sweepstakes, when the letter clearly and inconspicuously stated the conditions plaintiff must meet in order to qualify for the prize); *see also Zlotnick v. Premier Sales Grp., Inc.*, 480 F. 3d 1281, 1285–86 (11th Cir. 2007) (holding that, despite that an agreement stated that "[s]eller assures that the foregoing purchase price will be the purchase price in the contract for the sale and purchase of the [property,]" the "express terms indicat[ed] that the agreement conferred no interest" in the property and the agreement included a broad cancellation provision, which the seller invoked, so reasonable purchasers would understand that the purchase price was not binding upon cancellation of the agreement). Additionally, the presence of accurate information can contribute to the implausibility that reasonable consumers would be deceived by

---

[6] *See* Ganda Suthivarakom, *Coronavirus Has Caused a Hand Sanitizer Shortage. What Should You Do?*, New York Times (March 11, 2020), https://www.nytimes.com/2020/03/11/smarter-living/wirecutter/coronavirus-hand-sanitizer.html.

[7] This case was brought under California's consumer protection statutes and analyzed using the "reasonable consumer" standard. *Id.* at 289.

some other information or assumption. *See Ebner v. Fresh*, 838 F. 3d 958, 966 (9th Cir. 2016)[8] (finding it implausible that reasonable consumers are deceived by the label of a lip balm product because the accurate weight was disclosed).

### 2. False and Misleading Advertising (Count II)

Defendant next argues that Plaintiff has failed to state a claim for false and misleading advertising under Florida law because Plaintiff has not alleged facts that show that Defendant's hand sanitizer label was misleading when a reasonable consumer would understand that the product was not designed to kill germs not commonly found on hands and would have read the back label on the product. (DE 24 at 15). Plaintiff responds that he has alleged sufficient facts to state a claim for false and misleading advertising because his Complaint states that "the front label of [Defendant's] hand sanitizer claiming the Product 'kills 99.99% of germs' were [sic] misleading." (DE 31 at 14).

Florida Statute § 817.41 prohibits the dissemination of "any misleading advertising." Fla. Stat. § 817.41(1). To state a claim for false and misleading advertising under Florida law, a plaintiff must allege: "(a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement; (c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation." *Joseph v. Liberty Nat. Bank*, 873 So.2d 384, 388 (Fla. 5th DCA 2004).

Plaintiff has failed to adequately allege that Defendant made a misrepresentation of a material fact. First, his bare assertion that the label was misleading, without any facts offered in

---

[8] This case was brought under California's consumer protection statutes and analyzed using the "reasonable consumer" standard. *Id.* at 965.

11

support, is a conclusory allegation that does satisfy the standard set forth in *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. 662 at 678. And, second, for the reasons already discussed above, Defendant's unreasonable interpretation of the front label on Defendant's hand sanitizer and failure to read the label on the back despite the presence of an asterisk instructing him to do so does not make Defendant's advertising misleading. Without alleging a material misrepresentation, Plaintiff has not stated a claim for false and misleading advertising and this claim is subject to dismissal.

### 3. Unjust Enrichment (Count III)

Defendant argues that Plaintiff has failed to state a claim for unjust enrichment because Plaintiff has an adequate remedy at law. (DE 24 at 19). Under Florida law, "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F. 3d 1329, 1337 (11th Cir. 2012) (quoting *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1241 n. 4 (Fla. 2004)).

Contrary to Defendant's assertion, Plaintiff is not barred from bringing an unjust enrichment claim simply because he may have an adequate remedy at law. While "generally true that equitable remedies are not available under Florida law when adequate legal remedies exist . . . that rule does not apply to unjust enrichment claims." *State Farm Mut. Auto Ins. Co. v. Physicians Inj. Care Ctr., Inc.*, 427 F. A'ppx 714, 722 (11th Cir. 2011), *rev'd on other grounds sub nom. State Farm Mut. Auto. Ins. Co. v. Williams*, 824 F. 3d 1311 (11th Cir. 2014) (quoting *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. 5th DCA 1998)). Only the existence of an express contract will bar an unjust enrichment claim under Florida law. *Id.* (citing *Williams*, 725 So. 2d at 400).

Nevertheless, Plaintiff has not pled facts demonstrating that the circumstances render it inequitable for Defendant to retain any benefit Plaintiff has conferred on it, to the extent that a benefit was conferred upon Defendant. Plaintiff alleges that he "conferred a benefit on Defendant by purchasing the deceptively advertised hand sanitizer" and that Defendant has "profited from [its] unlawful, unfair, misleading, and deceptive practices and advertising at the expense of Plaintiff." (DE 5 at 9–10). But as I have already explained, Plaintiff has not pled facts that establish any deception or misleading advertising. Thus, because Plaintiff has not adequately alleged any deceptive act, it follows that it is not unjust for Defendant to retain any benefit it purportedly received.[9]

On a final note, Plaintiff requests that, should I grant Defendant's Motion to Dismiss, I grant him leave to amend. (DE 31 at 19). While Federal Rule of Civil Procedure 15(a) directs that leave to amend shall be freely given "when justice so requires," a district court need not allow amendment "where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Plaintiff's Amended Complaint contained no allegation sufficient to suggest that a reasonable consumer would be misled by Defendant's hand sanitizer label, and Plaintiff has offered no basis for the Court to believe that he could offer allegations to make such a claim plausible on its face. Therefore, I conclude that granting leave to amend would be futile.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Dismiss (DE 24) is **GRANTED**.

---

[9] Because I have concluded that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6), I do not reach Defendant's preemption or primary jurisdiction arguments.

13

(2) The Amended Complaint (DE 5) is **DISMISSED WITH PREJUDICE.**

(3) The Clerk of Court shall **CLOSE THIS CASE** and **DENY ALL PENDING MOTIONS AS MOOT.**

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 15 day of December, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record